The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, AR 72811-1064
Dear Representative Lamoureux:
You have presented the following questions for my opinion:
 (1) If a city has not adopted the 2002 Edition of the Arkansas Fire Prevention Code by local ordinance but has adopted the previous edition of the Arkansas Fire Prevention Code by a previous ordinance, which edition of the Arkansas Fire Prevention Code is in effect?
 (2) If a city has adopted the 2002 Edition of the Arkansas Fire Prevention Code by local ordinance, but the local ordinance did not specifically adopt any of the appendices of the 2002 Edition of the Arkansas Fire Prevention Code, are the appendices in effect in the city by the application of state law?
 (3) Is it necessary for a municipality to adopt the 2002 Edition of the Arkansas Fire Prevention Code by ordinance in order to enforce the code within the municipality?
 (4) If a provision of an appendix of the 2002 Edition of the Arkansas Fire Prevention Code which was not adopted specifically by local ordinance conflicts with a provision of a city's Land Subdivision and Development Code, which was adopted by local ordinance pursuant to A.C.A. § 14-56-417, and the fire code provision is more stringent than the Land Subdivision and Development Code provision, which provision prevails and should be applied?
 (5) Would the answer to the preceding question be any different if the scenario was the same except that the fire code appendix provision had been specifically adopted by ordinance?
Response
Question 1 — If a city has not adopted the 2002 Edition of the Arkansas Fire Prevention Code by local ordinance but has adopted the previous edition of the Arkansas Fire Prevention Code by a previous ordinance, which edition of the Arkansas Fire Prevention Code is in effect?
It is my opinion that if a city has not adopted the 2002 Edition of the Arkansas Fire Prevention Code but has adopted a previous edition of the code, the 2002 Edition will govern to the extent that the 2002 Edition is more stringent than the previously adopted code. As explained more fully below, I base this conclusion on the view that the 2002 Edition of the Arkansas Fire Prevention Code has the force of state law and is intended to have statewide effect.
The Fire Prevention Act (A.C.A. §§ 12-13-101 through -116) charges the Director of the Arkansas State Police/State Fire Marshal with the responsibility of promulgating and enforcing a fire prevention code. See
A.C.A. §§ 12-13-105, -107. The 2002 Edition of the Arkansas Fire Prevention Code was promulgated under this authority and in compliance with the Arkansas Administrative Procedure Act (A.C.A. § 25-15-201
through -217). It went into effect on January 1, 2003. Because the 2002 Edition of the Fire Prevention Code was promulgated by the Director of the State Police/State Fire Marshal pursuant to authority granted by state law, it is my opinion that the fire prevention code has the force of state law. Moreover, cities are bound by the code and the other duties imposed by the Fire Prevention Act, which charges city officials with the duties and obligations imposed under the authority of the Fire Prevention Act. More specifically, A.C.A. § 12-13-108 states:
 All mayors, members of fire departments, and peace officers [defined as "every type of law enforcement officer commissioned and active within this state," see A.C.A. § 12-13-103(7)] shall be ex officio deputies to the Director of the Department of Arkansas State Police. They shall be subject to the duties and obligations imposed by this subchapter in fire prevention and in the investigation of the cause origin, and circumstances of fires within their jurisdiction.
A.C.A. § 12-13-108.
This provision makes clear that the currently effective fire code will be in effect and enforceable in all areas of the state, including all local political subdivisions. This conclusion is bolstered by the provisions of the 2002 Edition itself. Section 101.2.2 of the 2002 Edition states:
 Locally Adopted Codes. Each district, county or municipality of this state shall only adopt and enforce the provisions of the Arkansas Fire Prevention Code, 2002 Edition. Local jurisdictions may adopt rules and regulations that are more stringent than the AFPC but not less stringent.
 1. The State Fire Marshal shall cause each code to be reviewed, if other than the AFPC, 2002 Edition, and shall advise local jurisdictions of any requirement that is less stringent than the AFPC. It shall be the responsibility of the local authorities having jurisdiction to bring the proposed code up to the minimum standard of the AFPC.
AFPC, 2002 Ed., § 101.2.2.[1]
Finally, Section 104.3.2 of the 2002 Edition states:
 (a) The State Fire Marshal's Office has statewide jurisdiction to inspect all places insofar as it is necessary for the enforcement of all law, ordinance and law, ordinances and lawful orders requiring any place to be safe from fire. The State Fire Marshal or their duly authorized representative shall be charged with the enforcement of this code as granted under the authority of Act 254 of 1955 as amended (A.C.A. §§ 12-13-101 through -116).
AFPC, 2002 Edition, § 104.3.2.
All of the above-quoted provisions indicate that the 2002 Edition of the Fire Prevention Code has statewide effect and the force of state law.Accord, Op. Att'y Gen. No. 95-206. This status is significant, because cities cannot enact or enforce ordinances that are contrary to state law. See A.C.A. §§ 14-43-601, -602; 14-42-307; 14-54-101; 14-55-101; 14-42-502; 14-43-601(a)(1)(F) and (a)(2). To the extent that any previously adopted fire code is less stringent than the 2002 Edition, that previously adopted fire code conflicts with state law.
Accordingly, I must conclude that if a city has not adopted the 2002 Edition of the Arkansas Fire Prevention Code but has adopted a previous edition of the code, the 2002 Edition will govern to the extent that the 2002 Edition is more stringent than the previously adopted code.
Question 2 — If a city has adopted the 2002 Edition of the Arkansas FirePrevention Code by local ordinance, but the local ordinance did notspecifically adopt any of the appendices of the 2002 Edition of theArkansas Fire Prevention Code, are the appendices in effect in the cityby the application of state law?
This question arises out of Section 101.2.1 of the 2002 Edition of the Arkansas Fire Prevention Code, which states:
 Appendices. Provisions in the appendices shall not apply unless specifically adopted.
AFPC, 2002 Ed., § 101.2.1.
It is my opinion that this provision of the 2002 Edition does not refer to adoption of the appendices by local governments. Rather, it refers to the appendices of the various international codes adopted (or not adopted) by the State Fire Marshall, as explained below.
The 2002 Edition adopts certain parts of the International Fire Code, 2000, the International Building Code, 2000, and the International Residential Code, 2000. However, the State Fire Marshal revised and deleted certain parts of these international codes for purposes of their inclusion in the Arkansas Fire Prevention Code. These international codes all include appendices, and the State Fire Marshall adopted only certain appendices of the international codes and expressly did not adopt certain other appendices. It is my opinion that the provision quoted above concerning specific adoption of the appendices refers to the State Fire Marshal's specific adoption of certain appendices in the various international codes that are incorporated into the Arkansas Fire Prevention Code. It is my opinion if a city has adopted the 2002 Edition of the Fire Prevention Code, it has necessarily adopted the appendices that the State Fire Marshall adopted for inclusion in the 2002 Edition. Like the other parts of the 2002 Edition of the Fire Prevention Code, any appendix that has been adopted by the State Fire Marshal to be included in the 2002 Edition will be in effect in a city regardless of whether the city has specifically adopted that appendix.
Question 3 — Is it necessary for a municipality to adopt the 2002 Editionof the Arkansas Fire Prevention Code by ordinance in order to enforce thecode within the municipality?
For the reasons stated in response to Question 1, it is my opinion that it is not necessary for a municipality to adopt the 2002 Edition of the Arkansas Fire Prevention Code by ordinance in order to enforce the code within the municipality. As explained, the 2002 Edition has statewide effect and has the force of state law, and the State Fire Marshal's deputies, including the local officials named in A.C.A. § 12-13-108, have the authority and responsibility to enforce the 2002 Edition in the areas within their jurisdiction.
Question 4 — If a provision of an appendix of the 2002 Edition of theArkansas Fire Prevention Code which was not adopted specifically by localordinance conflicts with a provision of a city's Land Subdivision andDevelopment Code, which was adopted by local ordinance pursuant toA.C.A. § 14-56-417, and the fire code provision is more stringent thanthe Land Subdivision and Development Code provision, which provisionprevails and should be applied?
It is my opinion that if the particular appendix is one that was specifically adopted by the State Fire Marshall for inclusion in the 2002 Edition of the Arkansas Fire Prevention Code, and if indeed it is more stringent than the city's land development ordinance, the appendix will prevail and should be applied. As explained in response to Question 2, if the appendix was adopted by the State Fire Marshal for inclusion in the 2002 Edition, it will be in effect regardless of whether it was specifically adopted by the city. If the city's land development ordinance is less stringent than the appendix, it will be deemed to be in conflict with state law, as explained in response to Question 1. Accordingly, as also explained, the appendix, being a part of the 2002 Edition, which has the force of state law, must prevail and should be applied.
However, if the appendix is one that was not specifically adopted by the State Fire Marshall for inclusion in the 2002 Edition, it will not be in effect and the land development ordinance may be applied.
Question 5 — Would the answer to the preceding question be any differentif the scenario was the same except that the fire code appendix provisionhad been specifically adopted by ordinance?
No.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] The language of this provision is somewhat ambiguous, in that it requires local entities to adopt only the 2002 Edition of the Fire Prevention Code, and at the same time permits them to adopt other rules and regulations that are at least as stringent as the 2002 Edition. I interpret this provision to require cities to adopt either the 2002 Edition of the Fire Prevention Code, or to adopt a fire prevention code and other rules and regulations that are at least as stringent as the 2002 Edition. This distinction was clear in the previous version of the State Fire Prevention Code. For a discussion of that provision, see Op. Att'y Gen. No. 2001-124. In any event, there is no question that the 2002 Edition will prevail whether or not it has been specifically adopted by a local entity.